UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KCCR, INC., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-10-cv-01263 |
| | § | |
| PAUL BRUNNER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Before the Court is the defendant Paul Brunner's ("Brunner") Motion to Dismiss, Transfer or Stay Litigation.  (Docket Entry No. 4).  The plaintiff KCCR, Inc. ("KCCR") has filed a response in opposition to the motion (Docket Entry No. 6), Brunner has filed a notice of supplemental authority (Docket Entry No. 11) and KCCR has filed a response to Brunner's notice of supplemental authority (Docket Entry No. 12).  After having carefully considered the parties' written submissions and the applicable law, the Court determines that Brunner's motion to dismiss should be GRANTED.  All other motions are denied as moot.

### II.    FACTUAL BACKGROUND

This case involves an interstate dispute between the buyer and seller of a classic automobile, specifically a 1969 Chevrolet Camaro ZL1 clone (the "Camaro").  On April 19, 2010, KCCR, a business engaged in refurbishing classic cars, filed an action in this Court against Brunner, a Montana resident, seeking a declaratory judgment that:  (1) it fully performed in accordance with its agreement with Brunner; (2) the only warranty extended by it to Brunner under the parties' agreement was a 180-day warranty on the Camaro's drive train; (3) it did not breach any express or implied warranties related to the Camaro; (4) that the $90,000 sales price

of the Camaro was equal to the car's fair market value; (5) the market values on the Camaro have declined with the general decline in the economy; and (6) the continued use of the Camaro for three years subsequent to the parties' agreement constitutes full acceptance by Brunner and full performance by it.  One month prior, on March 18, 2010, Brunner initiated an action in the United States District Court for the District of Montana, Missoula Division, against Richard "Rick" Bawcom, d/b/a Katy Classic Cars ("Bawcom") and John Does 1 – 10 identified as Civil Action No. CV 10-24-M-DWM, seeking a refund of the purchase price paid for the classic car, plus costs of repair, shipping costs, inspection costs and attorneys' fees.

Brunner contends that Bawcom, a defendant in the Montana action, "is the principal, if not sole, shareholder of KCCR."  (Docket Entry No. 4 at p. 2.)  As such, he argues that all of his business dealings relative to the classic car transaction were with Bawcom, an individual he believed to be a sole proprietor acting under the trade name "Katy Classic Cars."  He further argues, without dispute, that at the time he initiated the Montana action, "no entity had registered an assumed business name of 'Katy Classic Cars.'"  (*Id.*)  Rather, he contends that KCCR registered its assumed business name on April 16, 2010, just three days prior to the time it commenced the current action in this Court and eight days after Bawcom had been personally served with a copy of the complaint he filed in the Montana action.  Nevertheless, Brunner contends that on May 17, 2010, he amended his complaint in the Montana action to include KCCR as a party to the litigation.  Therefore, he argues that KCCR's request for declaratory relief in this action is duplicative and, pursuant to the first-to-file rule, should be dismissed. Alternatively, he requests that this Court transfer the proceedings now before it or impose a stay pending a resolution of the Montana action.

In response, KCCR contends that at the time it initiated the current action, it had not been made a party to any litigation anywhere. It argues that while the statements alleged in Brunner's motion may be true, they are not evidence of any issue presented in his motion. More specifically, it avers that Brunner knew, at the onset of communications relative to the purchase of the Camaro, that he was dealing with a corporation "so that neither the filing of the assumed named certificate [n]or the reinstatement of the corporate charter is evidence of any issue [in] the motion." (Docket Entry No. 6 at p. 2.) In addition, it argues that Brunner made the purchase agreement for the Camaro in Texas, while a resident in New Zealand and that such agreement was performed in Texas. As a consequence, it alleges that all witnesses to the parties' agreement reside in Texas, the car was delivered to Brunner in Texas and Texas is the proper forum for litigation of the parties' claims. Moreover, it asserts that "Bawcom will not be able to afford to defend the Montana action beyond filing a motion to dismiss there" and requests that this Court order this case to early non-binding mediation before a magistrate. (*Id.* at 4, 7.) Finally, it maintains that "[s]ince this suit was the first to be filed of the two suits involving KCCR and Brunner, this suit should be considered the first filed." (*Id.* at 5.)

## III.   LEGAL STANDARD

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). "The 'first to file' rule is grounded in principles of comity and sound judicial administration" which necessitate that "federal district courts-courts of coordinate jurisdiction and equal rank-[]

exercise care to avoid interference with each other's affairs." *Save Power Ltd.*, 121 F.3d at 950 (citing *West Gulf*, 751 F.2d at 728). Under this rule, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear [the latter case] if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing *Save Power Ltd.*, 121 F.3d at 950; *West Gulf*, 751 F.2d at 728). The principal concern of the first-to-file rule "is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle Co.*, 174 F.3d at 603 (citing *West Gulf*, 751 F.2d at 729). Thus, the critical inquiry under this rule is whether a "substantial overlap" of the content of each case exists. *Save Power Ltd.*, 121 F.3d at 950.

In determining whether the issues raised by the two pending cases substantially overlap, the two cases need only "involve closely related questions [,] common subject matter," or a substantial overlap of the core issues. *Tex. Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993) (citing *Superior Sav. Ass'n v. Bank of Dallas*, 705 F. Supp. 326, 328 - 29 (N.D. Tex. 1989) (quoting *Mann Mfg.*, 439 F.2d at 408). "The cases need not be identical to be duplicative." *Id.* Nor does the latter-filed case have to encompass a complete identity of parties. *Buckalew v. Celanese, Ltd.*, No. Civ. A. G-05-315, 2005 WL 2266619, *2 (S.D. Tex. Sept. 16, 2005). "In the absence of compelling circumstances the court initially seized of [the] controversy should be the one to decide whether it will try the case." *Mann Mfg.*, 439 F.2d at 407 (internal citations omitted); *see also Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997) (reasoning that "the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.")

**IV.    ANALYSIS AND DISCUSSION**

As an initial matter, this Court must determine which proceeding was commenced first for purposes of the first-to-file rule.  It is undisputed that Brunner filed the Montana action one month before KCCR initiated its lawsuit in this Court.  KCCR, argues, however, that since this lawsuit was the first of the two lawsuits filed naming both KCCR and Brunner as parties, this lawsuit should be considered the first-filed suit.  To this end, it argues that the Montana action did not involve the same parties and issues as this lawsuit when it was filed, but rather was amended to include KCCR as a party only after this lawsuit was filed.  As such, KCCR contends that Brunner's first-filed argument is meritless and this lawsuit, not the Montana action, should be considered the first-filed lawsuit under the first-to-file rule.  This Court disagrees as KCCR's perception of the first-to-file rule is grounded neither in the principles that underlie the rule nor in the cases that employ it.

First, it is well-settled law that cases need not be identical or encompass a complete identity of parties to be duplicative and fall within the purview of the first-to-file rule.  As set forth above, substantial overlap does not require that the issues or parties be identical, but merely that the two actions involve closely related questions, common subject matter or an overlap of the core issues.  *See Texas Instruments*, 815 F. Supp. at 997.  In the case at bar, there is no doubt that a substantial overlap exists between the Montana action and this lawsuit—both lawsuits arise out of the same transaction or occurrence—i.e., the March 2007 Camaro sales transaction.  Second, the claims and parties in both lawsuits are so intertwined that a contemporaneous resolution by one court is appropriate.  Third, the declarations sought by KCCR in this action, namely whether it fully performed its agreement with Brunner, will undeniably be addressed and

resolved by the Montana court in determining whether Brunner is entitled to damages for any alleged defects in the Camaro and/or a refund of the purchase price paid for it, plus costs.

Moreover, KCCR has already challenged the Montana court's ability to entertain the parties' dispute and exert jurisdiction over it and/or Bawcom.[1]  Specifically, on June 18, 2010, Bawcom and KCCR moved to dismiss Brunner's amended complaint filed in the Montana action on the following grounds:  (1) lack of personal jurisdiction; (2) improper venue; (3) Bawcom is not a real party in interest; and (4) statute of limitations.  On September 15, 2010, the Honorable Judge Donald W. Milloy denied Bawcom and KCCR's motion to dismiss reasoning, *inter alia*, that:

> Personal jurisdiction exists over Defendants in this Court because Montana's long-arm statute establishes jurisdiction over Defendants and the exercise of jurisdiction comports with federal due process.  Venue in this Court is proper under 28 U.S.C. § 1391.  Venue is not transferred under 28 U.S.C. § 1404(a) because such a discretionary venue transfer would only shift any inconvenience from Defendants to Plaintiff.

(Docket Entry No. 11, Ex. 1 at 28.)[2]  Thus, no question remains as to the Montana court's ability to properly exert jurisdiction over the parties' dispute.

KCCR, nevertheless, argues that equitable considerations should be taken into account on its behalf since its principal place of business is in Katy, Texas and it is not in a financial position to defend against Brunner in the Montana action.  To this end, it requests that this Court immediately refer this case to early, non-binding mediation before a magistrate judge.

---

[1] On April 29, 2010, Bawcom moved to dismiss Brunner's Original Complaint.  On May 17, 2010, Brunner filed a verified amended complaint adding KCCR as a party.

[2] A Court may "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss."  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 - 18 (5th Cir. 1996)); *see also* Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding.").

Indeed, if this Court were to retain jurisdiction over this lawsuit as KCCR suggests, there would be two simultaneously-pending lawsuits in two different judicial districts involving the same parties and the same transaction.  "Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *See West Gulf*, 751 F.2d at 729 (quoting *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (other citation omitted)).  In addition, resolving this dispute is going to require inconvenience and travel, regardless of whether this case is tried in Montana or Texas.  After all, trying the parties' dispute here in Texas would only shift the inconvenience from KCCR to Brunner.  More importantly, the Camaro that is the subject of both disputes is located and stored in Montana.  Furthermore, the Montana case has progressed further.  Thus, KCCR's inconvenience argument, without more, is insufficient to warrant upsetting the plaintiff's choice of forum and thwarting this Court's application of well-settled law.

Finally, Brunner requests that this Court exercise its discretion and decline to exert jurisdiction over KCCR's declaratory judgment action in this instance.  The parties do not dispute that declaratory relief is a matter within this court's discretion.  *See 909 Corp. v. Vill. of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990) (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) (reasoning that "[a] district court is not required to provide declaratory relief; it is a matter within the court's discretion.").  In this regard, KCCR asks this Court to exercise its discretion, consider its lawsuit the first-filed suit and provide it with a declaration that its agreement with Brunner has been fully performed according to its terms.  Despite KCCR's insistence, however, this Court declines to permit KCCR to secure its preferred forum here, in its home-state, by initiating the underlying suit after receiving notice of Brunner's Montana action.  *See 909 Corp.*, 741 F. Supp. at 1292 (internal

citations omitted) (noting that "courts have held that a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction.").  Because this Court determines that the lawsuit filed in this Court is related to, if not substantially the same as, the lawsuit that was filed first in the District of Montana, this Court, in its discretion, declines to exercise jurisdiction over KCCR's declaratory judgment action and defers to the action pending in the District of Montana, Missoula Division.  *See West Gulf*, 751 F.2d at 729 (internal citations omitted) (reasoning that "[a] court may . . . in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.")

## V.      CONCLUSION

Based on the foregoing discussion and in the interest of justice, judicial economy and fairness, this Court determines that a dismissal of this case is appropriate.  Therefore, Brunner's motion to dismiss is GRANTED.  All other motions are hereby denied as moot.

It is so ORDERED.

SIGNED at Houston, Texas this 21st day of October, 2010.

Kenneth M. Hoyt
United States District Judge